# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY W. STEAVESON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-476-KEW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jerry W. Steaveson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 15, 1956 and was 49 years old at the time of the ALJ's latest decision. He completed his GED as well as two years of college. Claimant previously worked as an offal operator and sanitation worker. Claimant alleges an inability to work beginning March 13, 2002 due to a generalized anxiety disorder and a hand impairment.

### Procedural History

On November 7, 2002, Claimant protectively filed for

disability benefits under Title II of the Social Security Act (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) on February 3, 2003. Claimant's applications for benefits were both denied initially and upon reconsideration. On August 12, 2003, Claimant appeared at a hearing before ALJ Michael A. Kirkpatrick in Hugo, Oklahoma. By decision dated October 20, 2003, the ALJ found Claimant was not disabled at any time through the date of the decision. On January 15, 2004, the Appeals Council denied Claimant's request for review.

By Order entered October 13, 2005, this Court reversed the ALJ's decision and remanded the case to Defendant for further proceedings. Thereafter, the Appeals Council vacated the ALJ's decision on November 17, 2005.

On May 18, 2006, Claimant appeared at a supplemental hearing before the same ALJ in Hugo, Oklahoma. Claimant and a vocational expert testified at the hearing. On July 7, 2006, the ALJ issued a second decision, again finding Claimant was not disabled. Claimant did not appeal to the Appeals Council. The decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found Claimant retained the residual functional

capacity ("RFC") to return to his past relevant work as an offal operator and sanitation worker.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error requiring reversal in (1) only partially adopting the restrictions opined by the consultative psychologist without justification; and (2) arriving at an RFC which was not based upon substantial evidence, given contradictory evidence from the consultative psychologist. Claimant also contends this Court should remand this case for the immediate award of benefits, given the prior remand order from this Court, the opinion of the consultative psychologist, and the testimony of the vocational expert.

**Consideration of the Restrictions Imposed by the Consultative Psychologist**

Claimant contends the ALJ failed to consider the totality of the restrictions recommended by the consultative psychologist whose opinion was sought pursuant to the remand order of this Court. On remand, the ALJ ordered an examination by Randy Crittenden, Ph.D., a licensed psychologist. Dr. Crittenden diagnosed Claimant with generalized anxiety disorder, moderate type, in partial remission with treatment; psychotic disorder NOS; cognitive disorder, mild type; alcohol abuse, in sustained partial remission by self report; personality disorder NOS; and borderline intellectual functioning. At Axis V, Dr. Crittenden estimated Claimant's GAF at 65. (Tr.

384-385). Dr. Crittenden also completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental). He noted moderate limitations in Claimant's ability to understand and remember detailed instructions, to carry out detailed instructions, and to make judgments on simple work-related decisions. (Tr. 387). Dr. Crittenden noted moderate limitations on Claimant's ability to interact appropriately with supervisors and co-workers and ability to respond appropriately to work pressures in a usual work setting. (Tr. 388).

These limitations in the workplace were posed as hypothetical questions by the ALJ to Mr. Lonnie Current, a vocational consultant who testified at the administrative hearing. Specifically, the ALJ asked the vocational consultant the following questions:

> ALJ: Now assume a hypothetical person with the same age and education as the claimant and assume for this first question that the person could understand and remember and carry out simple routine unskilled task but not detailed or complex task or [INAUDIBLE] job that does not involve interacting with members of the general public. But for this first question assume that the person could interact appropriately for work purposes with supervisors and a few co-workers. Could such a person perform the claimant's past work either as he actually performed it or as it's described in the Dictionary of Occupational Titles and generally performed in the economy?
>
> VE: Yes, Your Honor.
>
> * * *
>
> ALJ: Now I'm going to assume a hypothetical person with the same age and education and work experience as the

claimant. Let me take a look here at Exhibit 8F ad let's assume that this is a hypothetical worker would be have the same limitations from the previous question but add the additional limitations that the person would be unable to interact appropriately with supervisors or co-workers would there be, could such a person perform the claimant's past work or any other jobs in the economy?

VE: No, Your Honor. I think appropriate behavior at work is required in most jobs or all jobs actually.

(Tr. 405-406).

The record on review must demonstrate that the ALJ considered all of the evidence. The ALJ is not, however, required to discuss every piece of evidence. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). Similarly, an ALJ cannot "pick and choose through an uncontroverted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007)(citations omitted).

After ordering the consultative examination by Dr. Crittenden, the ALJ did not include the limitations found by the physician in his RFC evaluation. Indeed, no mention of the limitations determined to be "moderate" in Dr. Crittenden's evaluation are to be found in the ALJ's decision. Further, in discussing Claimant's ability to perform his past relevant work, the ALJ relies upon the

7

"credible testimony of the impartial vocational expert." (Tr. 17). However, the ALJ selectively included Mr. Current's response to the first hypothetical question posed to him which did not include any of Claimant's moderate limitations found by Dr. Crittenden. The second question more accurately represented the restrictions found by Dr. Crittenden, in response to which Mr. Current stated the stated restrictions precluded both Claimant's past work and any other jobs in the economy. The ALJ simply ignored this response in his decision. All told, it appears the ALJ regurgitated his prior RFC finding without incorporating either the consultative examiner's evaluation - the basis for the remand in the first place - or the opinions of the vocational expert. These deficiencies require a further remand for consideration of the medical and vocational evidence in the record.

### RFC Determination

Claimant contends the ALJ erred in making his RFC determination by making findings which directly conflict with the uncontroverted opinions of the consultative psychologist, Dr. Crittenden. This argument differs little from that previously discussed in this Opinion and Order. As stated, the ALJ's RFC determination is flawed and must be reevaluated on remand.

### Request for Remand and Order of Immediate Payment

With this argument, Claimant essentially contends a further

remand of this case is futile since the ALJ failed to do what was ordered in the last remand. This Court is not prepared to concede the ALJ is either inexorably biased or inexplicably stubborn in refusing to consider the evidence before him on remand. Until it is shown otherwise, this Court is confident the ALJ will perform his function as required by law and regulation. Claimant's request to award benefits, therefore, is denied at this time.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 11th day of March, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE